Filed 3/7/25  P. v. Pollard CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>THEOPOLIS POLLARD, JR.,<br><br>    Defendant and Appellant. | B335945<br><br>(Los Angeles County Super. Ct. No. GA074222) |

APPEAL from an order of the Superior Court of the County of Los Angeles, Jared D. Moses, Judge.  Reversed and remanded with instructions.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Scott A. Taryle and Chung L. Mar, Deputy Attorneys General, for Plaintiff and Respondent.

# I.    INTRODUCTION

Defendant Theopolis Pollard, Jr., appeals from the order denying his request for resentencing under Penal Code section 1172.75.[1]  We reverse and remand with instructions.

# II.    BACKGROUND

On November 18, 2010, a jury found defendant guilty of: second degree robbery (§ 211, count 1); second degree commercial burglary (§ 459, count 2); forgery (§ 476, count 3); and dissuading a witness from reporting a crime (§ 136.1, subd. (b)(1), count 4).

Following a bench trial, the trial court found that defendant had suffered two prior serious felony convictions within the meaning of sections 667, subdivision (a)(1) and 1170.12, subdivisions (a) through (d) and that he had served one prior prison term within the meaning of section 667.5, subdivision (b).

The trial court sentenced defendant to an aggregate term of 35 years to life and imposed, but stayed, one-year prior prison term enhancements on each of the four counts.

In 2012, a different panel of this court affirmed the judgment.  (*People v. Pollard* (May 3, 2012, B229745) [nonpub. opn.].)[2]

On October 26, 2023, defendant's counsel filed a "motion to calendar for full resentencing" pursuant to section 1172.75.  In

---

[1]    All further statutory references are to the Penal Code.

[2]    On our own motion, we take judicial notice of the opinion filed in the direct appeal from the judgment of conviction.

support of the motion, defendant advised that he had been "referred by [the California Department of Corrections and Rehabilitation (Department)] to [the trial] court for resentencing pursuant to [section] 1172.75" and "[o]n January 11, 2023, [the court] summarily denied [defendant] an opportunity to be resentenced pursuant to [section] 1172.75 . . . without [defendant] being present or being represented by counsel."[3]

Defendant argued that "prior to conducting a resentencing pursuant to . . . section 1172.75, the court must appoint counsel and give . . . defendant the opportunity for a hearing at which he has a right to be present." According to defendant, his "sentence include[d] a sentencing enhancement that is now legally invalid and . . . must be recalled and he must be resentenced." He therefore requested that "the court calendar this case for hearing, appoint counsel, and conduct a resentencing hearing as required by law."

On October 30, 2023, the trial court summarily denied the motion.

Defendant filed a timely notice of appeal.

---

[3] The record on appeal does not include the notice from the Department or the January 11, 2023, order. But, the Attorney General agrees with defendant's recitation of the procedural record. Because the parties do not dispute that the proceeding here was initiated following the required notice from the Department, we conclude the trial court had jurisdiction under section 1172.75 to issue its denial order and that we have jurisdiction to resolve the appeal from that order on the merits. (See *People v. Escobedo* (2023) 95 Cal.App.5th 440, 448.)

3

# III.  DISCUSSION

Defendant contends that "[t]he issue in the instant case is whether defendants such as [defendant] have the right to . . . full re-sentencing hearings, where the prior prison term enhancement was imposed and then stayed."  According to defendant, because "the statute applies whenever an enhancement has been imposed, and . . . a stay on the enhancement can be lifted for various reasons, this [c]ourt should remand this matter back to the sentencing court with instructions to strike [defendant's] prior prison term enhancement and conduct a full resentencing hearing."

The Attorney General disagrees, arguing that, "[c]ontrary to [defendant's] argument, the trial court properly declined to resentence [defendant] because section 1172.75 does not apply to a prior prison term enhancement that was imposed and stayed."

The parties acknowledge the split in authority on the issue of whether a defendant, whose prior prison term enhancement under former section 667.5, subdivision (b) was stayed, is entitled to relief under section 1172.75 and that the issue is currently on review before the Supreme Court.  (Compare e.g. *People v. Rhodius* (2023) 97 Cal.App.5th 38, 45 (rev. granted Feb. 21, 2024, S283169) [holding that, in harmonizing the provisions of the statute, section 1172.75 applies only to imposed and executed prior prison term enhancements because the word "imposed" in the statute should be read as "imposed and executed"]; and *People v. Christianson* (2023) 97 Cal.App.5th 300, 313 (rev. granted Feb. 21, 2024, S283189) (*Christianson*) [holding that the statute read as a whole shows that the Legislature meant to use

4

"impose" in "the broader sense," to include enhancements that were stayed].)

Pending resolution of the issue by the Supreme Court, we follow the majority of the decisions that have interpreted section 1172.75 to include defendants whose prior prison term enhancements under former section 667.5 were imposed but stayed by the trial court. (See *Christianson, supra*, 97 Cal.App.5th at pp. 312–313.) We therefore reverse the order denying resentencing under section 1172.75.

## IV.   DISPOSITION

The order denying resentencing is reversed and remanded with instructions to issue a new order granting the request for resentencing under section 1172.75.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM (D.), J.

We concur:

HOFFSTADT, P. J.

MOOR, J.